IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth Lee Williams, | ) | Civil Action No.: 3:12-1821-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Kenneth Lee Williams ("Williams") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Williams's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In his Report and Recommendation ("Report"), Judge McCrorey recommends reversing the Commissioner's decision and remanding the case for further proceedings. (ECF No. 28.) The Commissioner objects to the Report. (ECF No. 29.) For the reasons stated below, the court adopts the Report and reverses and remands the case for further administrative proceedings.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. On December 4, 2009, Williams filed a Title II application for DIB, alleging disability beginning July 8, 2008. (Tr. 162.) Williams was forty-two years old on the alleged disability onset date. (Tr. 38). Williams claimed disability due to migraine headaches, upper and lower back pain, knee pain, arthritis, elbow and joint pain, and post-traumatic stress disorder ("PTSD") and has a high school education with one year of college. (Tr. 26, 38, 166, 202.) Williams has past relevant work as a delivery driver and truck driver. (Tr. 26, 167.) Williams's claim was denied initially and upon reconsideration. (Tr. 70-76, 81-82.) Thereafter, Williams filed a written request for a hearing and a hearing was held on April 19, 2011. (Tr. 34-69.) In a May 12, 2011 decision, the Administrative Law Judge ("ALJ") found that Williams was not disabled within the meaning of the Social Security Act. (Tr. 11-33.) The Appeals Council denied Williams's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1-5.) Williams filed the instant action on July 2, 2012. (ECF No. 1.)

II. REPORT AND RECOMMENDATION

On June 26, 2013, the Magistrate Judge issued a Report in which he determined that the Commissioner's decision was not supported by substantial evidence. (ECF No. 28.) The Magistrate Judge recommends reversing the Commissioner's final decision and remanding the case for the Commissioner to specify the length and duration of the sit/stand option, to consider all the evidence, to evaluate Williams's Department of Veteran Affairs ("VA") disability ratings, and to consider Williams's remaining allegations of error.

(ECF No. 28 at 15.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III. DISCUSSION OF THE LAW

    A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

    B. Objections

The Commissioner objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge incorrectly concluded that the Fourth Circuit's decision in *Thompson v. Astrue,* 442 Fed. Appx. 804 (4th Cir. Aug. 10, 2011) (unpublished decision) does not apply to this case. (ECF No. 29.)

C. Analysis

This court has considered the Commissioner's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this court. In his objections, the Commissioner argues that *Thompson* supports her argument that the ALJ's limitation of a sit/stand option at the workstation was sufficiently specific in this case.

The Magistrate Judge considered the arguments made in the Commissioner's brief regarding the *Thompson* case (a step four decision) and reasoned that the case did not apply in the instant matter which is a step five decision. The Commissioner argues that the distinction concerning the applicability of Social Security Ruling ("SSR") 96-9p is one without a difference because Residual Functional Capacity ("RFC") is assessed only once during the process and is used at both steps four and step five. The Commissioner asserts that *Thompson* cannot stand for the proposition that at step four, a sit/stand option may be less specific, and that at step five it must be more specific. Thus, the Commissioner argues that the Magistrate Judge incorrectly concluded that the Fourth Circuit's decision in *Thompson* does not apply in this case.

The court has reviewed the Fourth Circuit's unpublished[2] decision in *Thompson* in view of the Commissioner's objections. In relevant part, in *Thompson*, the Fourth Circuit affirmed the district court's conclusion that the ALJ's finding that the plaintiff needed a sit/stand option was sufficiently specific without further specification of the frequency she needed to alternate between siting and standing. *Thompson*, 442 Fed. Appx. at 807. As noted by the Magistrate Judge, that case never proceeded to step five because the ALJ

---

[2]Unpublished opinions are not binding precedent in this circuit. *See* Local Rule 36(b); *see also Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir.1996).

found at step four that the plaintiff could perform past relevant work, thus, SSR 96-9p was not applicable. (ECF No. 28 at 14.) Further, and looking at the specific facts before it, the *Thompson* court noted that the ALJ's RFC finding and hypothetical were consistent with an at-will sit/stand option such that no further specificity was required. *Thompson*, 442 Fed. Appx. at 807. Here, as properly noted by the Magistrate Judge, the parameters of the stand/sit option as outlined by the ALJ are not sufficiently clear and cannot be gleaned or implied from other aspects fo the record, mainly the ALJ's RFC and hypothetical to the vocational expert. Thus, remand is appropriate here to determine, in accordance with SSR 96-9p, the frequency of Williams's need to alternate between sitting and standing. The court finds no error in Magistrate Judge's recommendation finding accordingly.

IV. CONCLUSION

In light of the standards set out above, the court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge. This Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings consistent with this order and the Report and Recommendation. On remand, the ALJ should consider all the evidence (including evidence submitted to the Appeals Council); evaluate Williams's disability ratings in light of *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit's recent decision concerning the appropriate weight to give to VA

disability ratings; and consider Williams's remaining allegations of error.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

July 23, 2013
Spartanburg, South Carolina